```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
UNITED STATES OF AMERICA,                :
                                         :
            -v-                          :     05 Cr. 922 (DLC)
                                         :
CYRIL SMITH,                             :       MEMORANDUM
  a/k/a "Nicholas Smith,"                :     OPINION & ORDER
  a/k/a "Nicholas Wright,"               :
  a/k/a "Mark Nicholas Smith,"           :
  a/k/a "Zero,"                          :
                      Defendant.         :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

This Opinion addresses, inter alia, defense counsel's most recent request to be relieved and the defendant's continuing objection to this Court's jurisdiction. On February 14, 2007, this Court received a letter from the defendant Cyril Smith ("Smith") indicating that he was discharging his attorney, J. Bruce Maffeo ("Mr. Maffeo") and requesting that the Court recognize that he was proceeding pro se.

A conference was held on February 20, and the Court provided Smith with the opportunity to consult with another lawyer, Sanford Talkin ("Mr. Talkin"), about the decision to proceed pro se. The Court also explained that a different lawyer could be appointed to represent him if there had been a falling out with Mr. Maffeo, but Smith responded that he did not want another lawyer. Instead, Smith made various statements

objecting to the jurisdiction of the Court because he was "flesh and blood, a sovereign man," whereas the Indictment, through its use of all capital letters in listing his name, was charging a corporation.  The Court explained to Smith that jurisdiction existed "[b]ecause the government has charged you, with the assistance of a grand jury, with committing crimes that are violations of federal law, and this is a federal courtroom."  Smith was asked to provide his decision regarding proceeding pro se to the Court in a subsequent conference.

At a subsequent conference on March 1, the Court directed the parties' attention to several websites and to case law that discuss the particular jurisdictional defense Smith had asserted at the February 14 conference.  The Court suggested that with these references in mind, Mr. Talkin further discuss the issues with Smith before Smith made his decision with regard to proceeding pro se.

Another conference was held on March 12, where Mr. Talkin reported that Smith continued to desire to proceed pro se and continued to raise jurisdictional issues.  The Court inquired whether Smith wished to make a motion challenging the jurisdiction of the Court, to which Smith responded that he was not submitting a motion but was still objecting.  The Court denied the objection.  When asked whether he still wished to

represent himself at trial, Smith responded, "I already presented myself on the [February 20 conference]." The Court began to ask him a series of questions, in order to determine whether Smith was waiving counsel "knowingly and intelligently." Faretta v. California, 422 U.S. 806, 835 (1975). The Court sought to engage in a "colloquy on the record" and to conduct a "full and calm discussion" with Smith. United States v. Fore, 169 F.3d 104, 108 (2d Cir. 1999).

Smith, however, did not cooperate and refused to answer the Court's questions. Instead, he continued to challenge the jurisdiction of the Court. For instance, when asked whether he knew that he had the right to have a lawyer represent him at trial, Smith responded that his counsel was representing "the fictitious person that was charged in that indictment," "[w]hich is not me." Smith essentially refused to answer any of the Court's questions, and continued to ask the Court what jurisdiction it was acting under. The Court explained that his oral application regarding jurisdiction was denied, and that if he wanted, he could make a written motion, to which the Court would respond in due course. When the Court suggested setting down a motion schedule, however, Smith responded that he "never said [he] was submitting a motion." In sum, Smith frustrated all attempts to determine whether he understood the issues

relating to a waiver of the right to counsel, such as "the nature of the charges, the range of allowable punishments, and the risks of self-representation."  Id.  As a consequence, Smith's request to proceed pro se was denied.

Mr. Maffeo then made a motion to be relieved as counsel, and the motion was denied.  As the Court explained in the March 12 conference, the problems Smith is articulating are not personal to Mr. Maffeo, and any lawyer assigned to represent him in this prosecution would encounter the same problems.  Smith has already indicated that he does not want a different lawyer, and a different lawyer would not be in any better position to represent him.  This is particularly true given the impending May trial date and Mr. Maffeo's long and effective representation of Smith, as evidenced by his success in obtaining a decision from the Department of Justice that it would not seek the death penalty in this case.  Mr. Maffeo has represented Smith during the entire year and half since his indictment.

On March 13, this Court received a letter from Smith, and issued an Order directing Smith to "cease corresponding directly with the Court.  So long as the defendant is represented by counsel, all communications with the Court must be made through defendant's attorney."  The Court received additional letters

from Smith on March 26 and 29.  All of the letters continued to challenge the jurisdiction of the Court, making the same arguments Smith raised in the previous conferences.  An April 2 Order again directed Smith to cease corresponding directly with the Court.

As noted above, Smith's jurisdictional challenges were made orally at the February 20 and March 12 conferences, and were denied on the record.  The jurisdictional challenges that Smith raises have appeared in other cases in the past, and the Court again directs Smith's attention to United States v. Mitchell, 405 F. Supp. 2d 602 (D. Md. 2005).  As Mitchell notes, the use of capital letters in the caption of the indictment is irrelevant to the matter of jurisdiction; the Government and this Court have properly identified and addressed the defendant. Id. at 604.  Furthermore, this Court has jurisdiction over Smith and over the criminal charges contained in the indictment. Federal district courts "have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States," 18 U.S.C. § 3231, and the defendant has been charged with crimes under federal statutes.  Id. at 605.

On April 2, Mr. Maffeo renewed his request to be relieved as Smith's counsel.  Mr. Maffeo explained that on March 31 he attempted to meet with Smith, but that Smith declined to meet

with him.  Mr. Maffeo's renewed request to be relieved as counsel is denied.  Given the course of proceedings so far, it appears that by refusing to cooperate with his counsel, Smith is objecting to these proceedings generally and to the exercise of jurisdiction over his person.[1]  These objections are without any valid legal basis.

Mr. Talkin and Mr. Maffeo have repeatedly assured the Court that in their view Smith is competent.  The Court is also of the view that he is competent.  It is in a defendant's interest to cooperate with counsel, and Smith is urged to resume cooperating with his counsel, as he did during the eighteen months prior to February 14.  If Smith continues to refuse to cooperate with Mr. Maffeo, the Court is confident that Mr. Maffeo shall nonetheless strive to provide him with effective representation at the May 14 trial.  It is hereby

ORDERED that a status conference is scheduled for **April 6, 2007 at 11:30 a.m.**

IT IS FURTHER ORDERED that Mr. Maffeo's request to be relieved as counsel is denied.

---

[1] This Court has already denied Smith's request to proceed pro se, Smith has not renewed that request, and Smith has indicated that he does not desire a different lawyer.  If Smith were to renew his request to proceed pro se, he would have to be "able and willing to abide by rules of procedure and courtroom protocol."  McKaskle v. Wiggins, 465 U.S. 168, 173 (1984).

IT IS FURTHER ORDERED that the defendant Smith shall cease corresponding directly with the Court. All communications with the Court must be made through defendant's counsel.

SO ORDERED:

Dated:   New York, New York
         April 4, 2007

                                                DENISE COTE
                                      United States District Judge