UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA,               :
                                        :
              -v-                       :        05 Cr. 922 (DLC)
                                        :
CYRIL SMITH,                            :        OPINION & ORDER
   a/k/a "Nicholas Smith,"              :
   a/k/a "Nicholas Wright,"             :
   a/k/a "Mark Nicholas Smith,"         :
   a/k/a "Zero,"                        :
                        Defendant.      :
                                        :
----------------------------------------X

Appearances

For the Government:
David M. Rody
David V. Harbach
Assistant United States Attorneys
Michael J. Garcia
United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007

For the Defendant:
J. Bruce Maffeo
E. Niki Warin
Meyer, Suozzi, English & Klein, P.C.
1350 Broadway, Suite 501
New York, NY 10018-0026


DENISE COTE, District Judge:

    Defendant Cyril Smith ("Smith") was indicted on September

1, 2005, and is charged in a nine-count superseding indictment

("Indictment") filed on August 23, 2006.  Trial is due to begin

on May 14, 2007.  Smith moves to sever the trial on Counts Eight

and Nine under Rule 8(a), Fed. R. Crim. P., or in the
alternative under Rule 14.  For the following reasons, the
motion is denied.


## Background

The first seven counts of the Indictment are drug crimes
and crimes of violence from the period 1998 to 2002.  Count One
charges Smith with participating in a conspiracy from at least
1998 to 2002, to distribute 50 grams and more of crack, one
kilogram and more of heroin, and five kilograms and more of
cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1),
841(b)(1)(A), and 846.  In furtherance of the conspiracy, the
Indictment alleges that co-conspirators sold quantities of
cocaine and heroin in the vicinity of Monterey Avenue in the
Bronx, that Smith participated in armed robberies and burglaries
of suspected drug dealers, and that Smith murdered rival
narcotics trafficker Sanford Malone.  Counts Two and Three also
relate to Malone's murder.  Count Two charges Smith with the
February 14, 2000 murder of Malone while engaged in the Count
One conspiracy, in violation of 21 U.S.C. § 848(e)(1)(A).  Count
Three charges Smith with using a firearm to murder Malone during
a drug trafficking crime, in violation of 18 U.S.C. § 924(j).

Counts Four through Seven charge Smith with offenses
stemming from two other murders in July 1998.  Counts Four and

Six charge the defendant with murdering Jamal Kitt and Terrence Celestine, respectively, during drug conspiracies to distribute cocaine and crack, in violation of 21 U.S.C. § 848(e)(1)(A). Counts Five and Seven charge Smith with using a firearm to kill Kitt and Celestine, respectively, in furtherance of a conspiracy to distribute cocaine and crack, in violation of 18 U.S.C. § 924(j).  The Government explains that the drug conspiracies in these counts are separate from that charged in Count One.

The two counts which Smith seeks to sever from the May trial arise from events years later, specifically in August 2005.  Count Eight charges Smith with participating in a conspiracy in August 2005 to distribute 50 grams and more of crack, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846.  In furtherance of the conspiracy, the Indictment alleges that in or about August 2005, Smith supplied packages of crack to others, who in turn sold the crack to customers in the vicinity of 188th Street and Webster Avenue in the Bronx.  Also, on August 30, Smith and a co-conspirator sold a $10 bag of crack to an undercover officer in the same vicinity.  Count Nine charges Smith with the single sale of crack on August 30, 2005, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C).

<u>Discussion</u>

A. Rule 8(a) Severance

Rule 8(a), Fed. R. Crim. P., permits joinder of multiple offenses against a single defendant where the charged offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."[1]  The policy behind Rule 8(a) is that considerations of economy and speed may outweigh possible unfairness to the defendant and justify joinder of charges at trial.  See <u>United States v. Amato</u>, 15 F.3d 230, 237 (2d Cir. 1994).

In deciding the appropriateness of joinder, no one characteristic can be singled out as providing the necessary similarity, and "each case depends largely on its own facts." <u>United States v. Blakney</u>, 941 F.2d 114, 116 (2d Cir. 1991). Joinder is usually proper under Rule 8(a) "where the same evidence may be used to prove each count." <u>Id.</u>; <u>see also</u> <u>Amato</u>, 15 F.3d at 236.  Thus in <u>Blakney</u>, the Second Circuit determined that a gun and drug charge had been properly joined where the evidence demonstrated that the defendant "was selling both commodities to the same customers; in addition, on at least one occasion he sought to pay for guns by giving [the buyer]

---

[1] The rule was amended in 2002 to its current form, although the "changes are intended to be stylistic only."  Advisory Committee Notes for Rule 8, 2002 Amendments.

cocaine." Blakney, 941 F.2d at 116.  The evidence "was thus interconnected, and the interests of judicial efficiency were served by having the counts tried together." Id.

Nonetheless, Rule 8(a) does not require "too precise an identity between the character of the offenses." United States v. Werner, 620 F.2d 922, 926 (2d Cir. 1980).  Crimes that are of a "similar" character but not of the "same" character may be joined. Id.  In Werner, the Second Circuit found sufficient similarity between two cargo thefts that occurred two years apart and only one of which was violent in nature.  Joinder was justified, since "both offenses arose out of [defendant's] scheme to use his position as an insider with [his employer] to obtain money or property carried by it." Id. at 927.  In contrast, robberies of a bank and an appliance store that were committed in close geographical and temporal proximity were not properly joined since they "used distinctly different methods" and "targeted distinctly different victims." United States v. Tubol, 191 F.3d 88, 95 (2d Cir. 1999).

The nine charges are properly joined under Rule 8.  The 1998-2002 counts and the 2005 counts are of a sufficiently similar character and constitute parts of a common scheme or plan.  Both sets of counts involve Smith's participation in street-level distribution of retail quantities of crack in the Bronx.  The Government expects the proof at trial to show that

retail crack distribution was the major source of Smith's income
during this entire timeframe and that Smith committed the three
murders in the earlier counts primarily to obtain quantities of
narcotics that he could sell at the retail level, sales which he
continued to make in August 2005.  These factors constitute
sufficient similarity and commonality to meet the "same or
similar character" and "common scheme or plan" requirements of
Rule 8(a).

Smith emphasizes the time gap and the violence in the first
set of counts to argue that joinder is improper.  He cites
Tubol, 191 F.3d 88, and United States v. Martinez, 92 Cr. 839
(SWK), 1993 WL 322768 (S.D.N.Y. Aug. 19, 1993), to support his
severance claim.   Tubol is distinguishable.  In contrast to
Tubol, which is described above, Smith's modus operandi and his
victims in the two sets of counts are the same.  Smith was
engaged in street level sales of crack to victims in the Bronx
in both periods covered by the Indictment's charges.   In
Martinez, the District Court severed a drug conspiracy from a
firearm possession charge because there was no causal link or
any other connection between the two.  Martinez, 1993 WL 322768,
at *9-10.  The gun was seized four months after the drug
conspiracy ended with the co-conspirators' arrests.  Id. at *9.
In Smith's case, however, even with the temporal gap and the
presence of violence in only one set of charges, the two sets of

crack conspiracies are sufficiently similar in character and, in the words of Rule 8, constitute parts of a common scheme or plan.

B. Rule 14 Severance

Even where counts have been properly joined, the court may sever the counts under Rule 14, Fed. R. Crim. P., "[i]f the joinder of offenses . . . appears to prejudice a defendant." Rule 14 requires a showing of substantial prejudice: "Given the balance struck by Rule 8, which authorizes some prejudice against the defendant, a defendant who seeks separate trials under Rule 14 carries a heavy burden of showing that joinder will result in 'substantial prejudice.'" Amato, 15 F.3d at 237 (citing Turoff, 853 F.2d at 1043). "Granting separate trials under Rule 14 simply on a showing of some adverse effect, particularly solely the adverse effect of being tried for two crimes rather than one, would reject the balance struck in Rule 8(a), since this type of 'prejudice' will exist in any Rule 8(a) case." United States v. Sampson, 385 F.3d 183, 190 (2d Cir. 2004) (citing Werner, 620 F.2d at 929). Similarly, severance is not warranted "merely because [the defendant] may have a better chance of acquittal in separate trials." Zafiro v. United States, 506 U.S. 534, 540 (1993).

The danger that Rule 14 authorizes a district judge to cure is not merely that the jury will think worse of a defendant charged with two crimes rather than one, but that the jury will use the evidence cumulatively.  See Werner, 620 F.2d at 929. Where, however, "the accused's conduct on several separate occasions can properly be examined in detail, the objection disappears, and the only consideration is whether the trial as a whole may not become too confused for the jury." Id. at 926 (citation omitted).  In Werner, the trial court declined to sever robbery charges even though one crime involved violence and the other did not.  Id. at 926.  Nonetheless, "severance may be more appropriate when the unrelated evidence reflects activities of a violent nature because the risk of substantial prejudice is greater."  United States v. Cardascia, 951 F.2d 474, 483 (2d Cir. 1991) (addressing joinder of defendants). Finally, the Court may presume that the jury is capable of understanding and following limiting instructions provided during the course of and at the conclusion of the trial with regard to the manner in which it may use evidence.  Richardson v. Marsh, 481 U.S. 200, 211 (1987); Cardascia, 951 F.2d at 484.

Smith has not shown that he will suffer substantial prejudice by joining the trial of Counts Eight and Nine to the trial of the first seven counts.  Smith argues that because "the majority of the trial evidence will be spent" on the 1998-2002

8

counts, the jury might convict Smith of the 2005 counts based on the cumulative effect of the evidence or make assumptions that are prejudicial to him.

Any danger that evidence associated with one drug scheme will be used by the jury improperly in connection with another drug scheme can be addressed through cautionary instructions. Furthermore, proof relating to the earlier drug conspiracies may very well be admissible against Smith even if he were tried later on only Counts Eight and Nine.  Such proof may be admissible to show Smith's knowledge and intent with respect to the August 2005 crack sales.  Fed. R. Evid. 404(b); United States v. Paulino, 445 F.3d 211, 221 (2d Cir. 2006).

Smith does have a more compelling argument with regard to the murder and robbery evidence that will be offered at trial. This evidence is intimately connected to the earlier drug conspiracy charges, but the Government does not describe similar evidence of violent conduct which it intends to offer in connection with the August 2005 charges.  Nor has the Government argued that evidence of the earlier violent crimes will necessarily be part of any trial on Counts Eight and Nine.  For instance, it has not suggested that a witness at such a trial participated in and will be cross-examined about the earlier violent crimes.  Nor has the Government explained how the evidence of the violent crimes would be admissible under Rules

404(b) and 403, Fed. R. Evid., at a trial of the 2005 drug offenses.

Nonetheless, Smith has not shown a sufficient danger of substantial prejudice to overcome the substantial benefits that flow from a joint trial.  Even with respect to Count One, the jury will have to be reminded forcefully that it must consider the evidence on that drug conspiracy count separately, and cannot substitute proof of the murders charged in Counts Four through Seven for proof that Smith engaged in the Count One drug conspiracy.  Similar instructions will suffice with respect to Counts Eight and Nine.  These crimes are sufficiently discrete and distinct that there is little danger that the jury will be confused.  Smith has not shown, for instance, that a jury that finds him guilty of the crimes and acts of violence will fail to scrutinize with appropriate care the Government's evidence of drug crimes that occurred between five and seven years after the three murders, and to hold the Government to its burden of proof on Counts Eight and Nine.

Smith cites United States v. Jones, 16 F.3d 487 (2d Cir. 1994), and United States v. Villanueva Madrid, 302 F. Supp. 2d 187 (S.D.N.Y. 2003), to argue that without severance, he will be substantially prejudiced.  Neither requires severance in this case.  In Jones, the Government added a felon in possession count "solely to buttress its case" on the bank robbery counts

following a mistrial where the defendant was tried on the robberies alone.  Jones, 16 F.3d at 492.  Because of the inclusion of this new count, the jury was repeatedly informed that the defendant was a convicted felon.  Id. at 493.

In Villanueva Madrid, the district court severed narcotics laundering charges from bank and wire fraud charges because the former charges included evidence connecting the defendant "to a corrupt politician and a powerful, violent narcotics cartel." 302 F. Supp. 2d at 191.  The defendant had used his position at an investment bank, and indeed the same accounts, to carry out both schemes.  Id. at 190.  Each case must be decided on its own facts.  Here, the jury will be able to evaluate the quite separate evidence regarding the 2005 charges and determine whether the Government has carried its burden of proof on those two counts.  The defendant has not shown that there is a "serious risk" that the jury will not make "a reliable judgment about guilt or innocence."  Zafiro, 506 U.S. at 539.

Conclusion

For the above reasons, Smith's motion to sever the trial on Counts Eight and Nine of the Indictment is denied.

SO ORDERED:

Dated:    New York, New York
          April 3, 2007

_____
                  DENISE COTE
          United States District Judge

12