```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
UNITED STATES OF AMERICA,                :
                                         :
          -v-                            :
                                         :   05 Cr. 922 (DLC)
CYRIL SMITH,                             :
   a/k/a "Nicholas Smith,"               :   MEMORANDUM
   a/k/a "Nicholas Wright,"              :   OPINION & ORDER
   a/k/a "Mark Nicholas Smith,"          :
   a/k/a "Zero,"                         :
                        Defendant.       :
                                         :
----------------------------------------X
```

DENISE COTE, District Judge:

On May 30, 2007, the jury returned a guilty verdict on eight counts out of nine at the trial of defendant Cyril Smith. On June 1, this Court received a letter from one of the jurors ("Juror"). The letter was copied to Chief Judge Wood. By a June 4 Order, a copy of the letter was provided to the parties. On June 7, a letter was received from defense counsel Bruce Maffeo, and the Government responded on June 13.

The Juror stated in her letter that "[t]he point of my letter is to express my feelings that a pregnant woman should be exempt from service for 2 years." One of the jurors who deliberated with the Juror was pregnant. On June 1, Chief Judge Wood responded to the letter, explaining the Southern District deferment policy.

Defense counsel claims that the letter "raises a question whether the integrity of the deliberative process was compromised by the imposition of time constraints and pressures due to the concerns of the jury for the health of one of the jurors."  He requests a limited inquiry of the Juror.

Courts are "always reluctant to haul jurors in after they have reached a verdict in order to probe the potential instances of bias, misconduct or extraneous influences."  <u>United States v. Schwarz</u>, 283 F.3d 76, 97 (2d Cir. 2002) (citation omitted).  Post-trial jury hearings should only be held "when a party comes forward with clear, strong, substantial and incontrovertible evidence that a specific, non-speculative impropriety has occurred."  <u>United States v. Ianniello</u>, 866 F.2d 540, 543 (2d Cir. 1989) (citation omitted).  The Second Circuit "has consistently refused to allow a defendant to investigate jurors merely to conduct a fishing expedition."  <u>Id.</u> (citation omitted).  Furthermore, Rule 606(b) of the Federal Rules of Evidence limits the scope of a juror's testimony in a post-trial inquiry, and does not permit a juror to testify about "any matter or statement occurring during the course of the jury's deliberations."  Rule 606(b), Fed. R. Evid.

The point of the Juror's letter was to make a procedural suggestion regarding jury policy generally, which is confirmed by Chief Judge Wood's response.  The letter neither identifies

any extraneous influence nor presents evidence of any impropriety, much less strong and incontrovertible evidence of impropriety. The standard governing post-trial inquiry of jurors makes clear that no further investigation is necessary and there is no need to question the verdict. Each of the jurors affirmatively and clearly announced agreement with the verdict in open court. Therefore, it is hereby

    ORDERED that defendant's request for further inquiry of the Juror is denied.

    SO ORDERED:

Dated:    New York, New York
           June 15, 2007

                              DENISE COTE
                      United States District Judge