UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
CYRIL SMITH,                          :
                        Petitioner,   :        10 Civ. 8107 (DLC)
                                      :        05 Cr. 922 (DLC)
        -v-                           :
                                      :        MEMORANDUM OPINION
UNITED STATES OF AMERICA,             :               & ORDER
                                      :
                        Respondent.   :
----------------------------------------X

DENISE COTE, District Judge:                        3/27/2012

    Cyril Smith ("Smith") filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2255 on October 26, 2010,

challenging his conviction at trial in 2007.  That petition was

denied on June 6, 2011.  Smith v. United States, No. 10 Civ.

8107 (DLC), 2011 WL 2207520 (S.D.N.Y. June 6, 2011).

    In a letter dated July 28, 2011, and received by the Pro Se

Office on August 3, Smith moved for an extension of time to file

a motion for reconsideration of the June 6 Opinion, claiming

that he had not received a copy of the June 6 Opinion by mail

and only became aware of it on July 26.  Smith's July 28 letter

did not contain an affirmation of service.  Accordingly, the

Court ordered on August 28 that the letter not be accepted for

filing and be returned by the Pro Se Office to Smith.  The Pro

Se Office returned the July 28 letter to Smith on September 16.

On October 3, the Pro Se Office received a second copy of

Smith's July 28 letter, along with an affirmation of service

dated September 27.  Smith's motion for reconsideration pursuant

to Rule 59(e), Fed. R. Civ. P., dated October 28, was received

by the Pro Se Office on November 7.

In his November 7 motion, Smith argues that the June 6 Opinion's discussion of the sufficiency of the evidence presented at trial contained clear legal error.  Citing United States v. Santos, 541 F.3d 63 (2d Cir. 2008), Smith argues that his convictions for murder while engaged in a narcotics conspiracy, 21 U.S.C. § 848(e)(1)(A), and causing death through use of a firearm, in furtherance of a drug trafficking crime, 18 U.S.C. § 924(j)(1), were legally insufficient because unsupported by evidence that Smith joined a narcotics conspiracy prior to committing the charged murders.

"Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (citation omitted).  "District courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice."  Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004) (citation omitted).

Smith's motion does not identify any error of law or identify any facts that were overlooked.  The Second Circuit's decision in Santos, cited in the June 6 Opinion denying Smith's habeas petition, does not support Smith's Rule 59(e) motion. Indeed, the Santos court rejected an argument by the defendant similar to the one Smith makes here -- that, "he was not involved in the charged drug conspiracy before the day of the murders," and therefore "the drug-offense and killing elements

2

[of 21 U.S.C. § 848(e)(1)(A) were] satisfied by one and the same act." 541 F.3d at 68-69. While the court agreed that the prosecution was required to prove "two separate elements: one drug offense and one killing," id. at 69, it stated that "an unlawful act in furtherance of a drug conspiracy . . . including killings[,] may and often do serve as powerful circumstantial evidence that the charged conspiracy existed and that the actor joined it." Id. Smith is incorrect that his conviction required evidence that he had joined the drug conspiracies prior to and independent of the killings he carried out in furtherance of the conspiracies. "[A]lthough a murder committed by the defendant in furtherance of a drug conspiracy cannot itself satisfy the drug-offense element of section 848(e)(1)(A), it can, in appropriate circumstances, persuade the jury that the defendant was a member of the drug conspiracy in furtherance of which the killing was convicted." Id. As set forth in the June 6 Opinion, there was more than sufficient evidence presented at trial from which a jury could find that Smith had knowingly and intentionally participated in the charged narcotics conspiracies.

Accordingly, it is hereby

ORDERED that Smith's Rule 59(e) motion, received November 7, 2011, is denied. The Court declines to issue a certificate of appealability. Smith has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

3

The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this Order would not be taken in good faith.

Coppedge v. United States, 369 U.S. 438, 445 (1962).

    SO ORDERED:

Dated:    New York, New York
           March 27, 2012

                                          DENISE COTE
                            United States District Judge

Copies sent to:


Cyril Smith
58187-054
U.S.P. Canaan
P.O. Box 300
Waymart, PA 18472


Michael Maimin
U.S. Attorney's Office
One St. Andrew's Plaza
New York, NY 10007